**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

CHRISTOPHER O. OLASEINDA, a/k/a
Christopher Oshuntoki, a/k/a
Christopher Akintayo, a/k/a
Christopher Olaseide, a/k/a
Christopher Olatunji, a/k/a Thomas
Cuda, a/k/a Abdul Kareem, a/k/a

Akintayo Ajibike, a/k/a Ajibike Ade
Akintayo, a/k/a Timothy Anderson,
a/k/a George Bunham, a/k/a XX
Olase, a/k/a Leon Rodriques, a/k/a
Oluwule Oshuntoki, a/k/a
Gbadegesin Adeloye, a/k/a Ajibike
Akintaya, a/k/a David Johnson,
a/k/a Henry Thomas, a/k/a Adetunji
Ajibike, a/k/a Awosika Olubiyi,
<u>Defendant-Appellant.</u>

No. 97-4695

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-47-C)

Submitted: March 31, 1998

Decided: May 8, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Chief
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Helen F. Fahey, United States Attorney, Robert A. Spencer,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher O. Olaseinda was convicted by a jury of five counts of
credit card fraud and was sentenced to a term of 30 months incarcera-
tion. Olaseinda appealed his conviction and his sentence. We affirmed
the conviction but vacated the sentence and remanded for resentenc-
ing because the district court departed above the guideline range pur-
suant to USSG § 4A1.3, p.s.* without giving Olaseinda reasonable
notice. See Burns v. United States, 501 U.S. 129, 138 (1991). On
remand, after the government moved for an upward departure, the dis-
trict court again departed upward from criminal history category III
to category IV and reimposed the same sentence. Olaseinda's attorney
has filed a brief in accordance with Anders v. California, 386 U.S.
738 (1967), raising one issue but indicating that, in his view, there are
no meritorious issues for appeal. Olaseinda has filed a pro se supple-
mental brief raising two issues. After consideration of these issues
and a review of the record, we affirm.

_____

*U. S. Sentencing Guidelines Manual (1995).

First, we find that the district court gave Olaseinda reasonable notice of the departure and counsel's challenge to the sentence on this ground is without merit. In his pro se supplemental brief, Olaseinda contests the enhancement for criminal livelihood. This issue was not raised in the district court at either sentencing or in the first appeal and may not be raised now. See United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (mandate rule forecloses litigation of issues foregone on appeal or waived because not raised in district court). He also challenges the upward departure pursuant to USSG§ 4A1.3. A criminal history category which underrepresents the defendant's past criminal conduct is an encouraged basis for departure. We review for abuse of discretion the district court's determination that the criminal history calculation did not adequately account for his conduct. See Koon v. United States, 518 U.S. 81, ___ (1996). The district court found that a departure was appropriate because Olaseinda had received very light sentences for his two prior forgery convictions (probation and ninety days in jail). Moreover, he had been deported three times and a fourth deportation order was pending--factors which were unaccounted for in his criminal history calculation. We therefore find that the district court did not abuse its discretion in departing upward from category III to category IV.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3